UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID MICHAEL JONES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:17-cv-00257-WTL-MJD |
| DUANE ALSIP, *et al.* | ) ) ) | |
| Defendants. | ) | |

**Entry Denying Plaintiff's Motion to File a Supplemental Complaint
and Denying Motion on Second Motion to Compel**

**I. Amending the Complaint**

Plaintiff David Michael Jones moves for leave to file an amended complaint to add retaliation claims against some defendants. He contends that because of this lawsuit, defendants Alsip, Davis, and the Indiana Department of Correction have retaliated against him. He submits a proposed complaint that describes alleged retaliation beginning in December, 2017.

This action was commenced just over one year ago. After the question of administrative remedy exhaustion was addressed, a pretrial schedule was entered May 19, 2017. Dkt. No. 17. The deadline for amending pleadings was June 12, 2017, eight months ago. A discovery deadline was set and has passed, and discovery has now closed. Plaintiff's deposition was taken and other discovery conducted. The dispositive motion deadline was twice extended and has now passed. A motion for summary judgment is pending.

After the deadline set in a pretrial schedule for amending a pleading has passed, a party wishing to amend must first show good cause to do so. "To amend a pleading after the expiration of the trial court's scheduling order deadline to amend pleadings, the moving party must show 'good cause.'" *CMFG Life Ins. Co. v. RBS Secs., Inc.*, 799 F.3d 729, 749 (7th Cir. 2015) (internal

quotation omitted); *Fed. R. Civ. P.* 16(b)(4). If good cause is shown, the Court then considers whether justice requires leave to amendment. *Fed. R. Civ. P.* 15(a)(2); *Alioto v. Town of Lisbon*, 651 F.3d 715, 719-20 (7th Cir. 2011).

Assuming, arguendo, that because the retaliation claims just arose, there is good cause shown for any delay, plaintiff must nevertheless meet the "when justice so requires" standard of Rule 15(a)(2). In this case, considering the progress of the litigation and the passing of all pretrial schedule deadlines, and the fact that plaintiff could bring his retaliation claims in a new action, justice does not require adding the new claims to this pending action. Adding these claims now would return the case to the starting point and unnecessarily delay the orderly and speedy administrative of justice. *Fed. R. Civ. P.* 1. Leave to amend is **denied**.

Nothing in this Entry prevents plaintiff from bringing a new action containing his retaliation claims. A new action will be subject to filing fees and screening pursuant to 28 U.S.C. § 1915A.

Plaintiff's motion for permission to file a supplemental complaint, Dkt. No. 54, and motion for supplemental complaint, Dkt. No. 55, are **denied**.

### II. Motion Concerning Discovery Dispute

Plaintiff's February 9, 2018, motion concerning a prior discovery dispute, Dkt. No. 56, is **denied**. The Court cannot discern exactly what the motion seeks, but it appears to argue the merits of the action and possible retaliation, and asks for sanctions of dismissal of defenses. The discovery dispute has been resolved, and no discovery issues are before the Court.

**IT IS SO ORDERED**.

Date: 2/14/18

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

David Michael Jones
850168
Pendleton Correctional Facility
Electronic Service Participant – Court Only